IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN L. WARE, | |
| Plaintiff, | 8:18CV143 |
| vs. | |
| STATE OF NEBRASKA, Buffalo County; WILLIAM T. WRIGHT, Judge; KARI FISK, Deputy Attorney; and BUFFALO COUNTY JAIL, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff filed a Complaint on April 2, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner currently confined at the Buffalo County Jail. He brings this action pursuant to 42 U.S.C. § 1983 against the State of Nebraska, Buffalo County, Judge William T. Wright ("Judge Wright"), Buffalo County Deputy County Attorney Kari Fisk ("Fisk"), Buffalo County Public Defender Jeffrey Ensz ("Ensz"),[1] and the Buffalo County Jail alleging due process, equal protection, and double jeopardy violations.

---

[1] Ensz is not listed in the caption of the Complaint but is listed as a defendant within the body of the Complaint. *See Miller v. Hedrick*, 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

Plaintiff alleges he was sentenced on March 9, 2018, in Case Number CR16-182 by Judge Wright to 48 months' incarceration or "4 months each consecutive [for] 12 counts of criminal nonsupport which was originally one charge." ([Filing No. 1 at CM/ECF p. 6](#).) Plaintiff alleges the original charge was reduced from one felony non-support to a misdemeanor," but Plaintiff did not agree to any plea deal since it was his first criminal non-support case. (*[Id](#).*) Plaintiff's state court records, available to this court online, confirm that Plaintiff was sentenced on March 9, 2018, as he alleges. Plaintiff appealed his conviction and sentence to the Nebraska Court of Appeals which summarily affirmed the judgment on September 6, 2018, and issued its mandate on October 10, 2018. I take judicial notice of the state court records related to this case in *State v. Ware*, Case No. CR16-182, District Court of Buffalo County, Nebraska, and in Nebraska Court of Appeals Case No. A-18-371. *See [Stutzka v. McCarville](#)*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Plaintiff complains that he was not provided "any purge deal or a true chance" to comply with his child support obligations which were imposed on him while he was confined at Buffalo County Jail. ([Filing No. 1 at CM/ECF p. 6](#).) Plaintiff alleges "Judge Wright took the law into his own hands," declared Plaintiff a "violent" person who "should go to prison," and relied on Plaintiff's past convictions and an open case Plaintiff has in Hall County, Nebraska, in sentencing him. (*[Id](#).*) In addition, Plaintiff claims Judge Wright, Fisk, and Ensz, had a "wayward kinship" that "appeared very unprofessional," and they discriminated against Plaintiff on account of his race. (*[Id](#). at CM/ECF pp. 4*, [6](#).)

For relief, Plaintiff seeks $150,000.00 in damages and asks the court "to release [him] from Buffalo County [and] [d]ismiss the case [he's] been convicted of." (*[Id](#). at CM/ECF p. 5*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Liberally construed, Plaintiff sues the State of Nebraska, Buffalo County, the Buffalo County Jail, Judge Wright, Fisk, and Ensz for due process, equal protection, and double jeopardy violations. Because Plaintiff does not specify in what capacity Judge Wright, Fisk, and Ensz are being sued, the court must assume they are sued in their official capacities. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). For the reasons discussed below, the court finds that Plaintiff's Complaint must be dismissed.

**A. Claims against Buffalo County Jail**

As an initial matter, Plaintiff fails to state a claim against the Buffalo County Jail because a county jail is not a distinct legal entity subject to suit. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."). Accordingly, Plaintiff's claims against Buffalo County Jail are dismissed.

**B. Sovereign Immunity**

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir.

4

1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Here, Plaintiff seeks damages from the State of Nebraska and Judge Wright in his official capacity. As a district court judge within the Nebraska Judicial Branch, Judge Wright is a state official, and Plaintiff's official-capacity claims are claims against the state. *See Tisdell v. Crow Wing Cty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state). There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims against the State of Nebraska and Judge Wright in his official capacity will be dismissed.

Even if Plaintiff had sued Judge Wright in his individual capacity, his claims would have been barred by judicial immunity. A judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Plaintiff alleges Judge Wright "took the law into his own hands" when he considered improper information in sentencing Plaintiff. ([Filing No. 1 at CM/ECF p. 6](Filing No. 1 at CM/ECF p. 6).) Although Plaintiff alleges he acted in violation of his constitutional rights, Plaintiff alleges no facts suggesting Judge Wright's actions fell outside the scope of his duties as a judge presiding over a criminal case or that Judge Wright acted without jurisdiction. *See State v. Smith*, 892 N.W.2d 52, 66–67 (Neb. 2017), *cert. denied*, 138 S. Ct. 315, 199 L. Ed. 2d 208 (2017) ("Relevant factors customarily considered and applied [in determining the sentence to be imposed] are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) *past criminal record or record of law-abiding conduct*, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime." (emphasis added)). Accordingly, Judge Wright is immune from suit and Plaintiff's claims against him are dismissed.

**C. Claims against Buffalo County, Fisk, and Ensz**

Plaintiff alleges claims against Buffalo County Deputy County Attorney Fisk and Buffalo County Public Defender Ensz in their official capacities based on their involvement in his criminal proceedings. Liberally construed, Plaintiff's claims against Fisk and Ensz are claims against Buffalo County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson,* 172 F.3d at 535. To state a plausible claim against Buffalo County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights.

A county may only be liable under § 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental

policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Buffalo County's attorneys and public defenders, or that Buffalo County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Buffalo County. Accordingly, Plaintiff's claims against Buffalo County and Fisk and Ensz in their official capacities are dismissed. *See Parsons v. McCann*, 138 F. Supp. 3d 1086, 1098 (D. Neb. 2015) (claims against county attorneys in their official capacities were actually claims against county that employed them); *Herzog v. O'Neil*, No. 8:10CV313, 2011 WL 1398475, at *3 (D. Neb. Apr. 13, 2011) (concluding official capacity claim against public defender was actually claim against county that employed the public defender); *see also Jackson v. Grand Forks Cty. Corr. Ctr. Med. Dep't*, No. 2:14-CV-103, 2015 WL 4210875, at *2 (D.N.D. July 10, 2015) (same).

The court concludes that it would be futile to allow Plaintiff an opportunity to amend his Complaint to allege claims against Fisk and Ensz in their individual capacities. First, with respect to Fisk, "[p]rosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996).

Here, Plaintiff alleges only that Fisk and Ensz had a "wayward kinship" that "appeared very unprofessional" and in conclusory fashion alleges they violated his constitutional rights. (Filing No. 1 at CM/ECF p. 4.) Plaintiff does not allege any facts against Fisk that would fall outside the scope of her prosecutorial functions during Plaintiff's criminal proceedings. Accordingly, the court will dismiss Plaintiff's claims against Fisk without leave to amend as she is immune from suit.

Similarly, with respect to Ensz, Plaintiff claims his court-appointed attorney had an unprofessional relationship with Fisk and, liberally construed, entered into a plea agreement without Plaintiff's consent. However, 42 U.S.C. § 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *West*, 487 U.S. at 48. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322 n.13. While a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state

actor to deprive an individual of a federally-protected right, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's bare, conclusory allegations fall far short of stating a plausible conspiracy claim. Accordingly, the court concludes Plaintiff's Complaint fails to state a claim for which relief may be granted against Ensz. The court will not give Plaintiff an opportunity to amend his Complaint to allege a plausible conspiracy claim against Ensz because, as explained below, Plaintiff's claims run afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994).

## D. *Heck v. Humphrey*

Plaintiff's request for damages and for the court "to release [him] from Buffalo County [and] [d]ismiss the case [he's] been convicted of," (filing no. 1 at CM/ECF p. 5), is clearly barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

Here, the Complaint's allegations demonstrate that the *Heck* bar is properly invoked. If successful, Plaintiff's claims that he was deprived of his constitutional rights when he was convicted and sentenced in CR18-162 necessarily implicate the validity of his conviction and current confinement. Therefore, to the extent judgment in favor of Plaintiff on any of his claims would render his criminal conviction invalid, his claims for relief are barred by *Heck v. Humphrey*.[2] *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's

---

[2] For the sake of completeness, I note that Plaintiff has filed a petition for writ of habeas corpus that is currently pending before me in Case No. 4:18CV3135.

claims); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (*Heck* applies to claims for damages, as well as to claims for injunctive relief that necessarily would imply the invalidity of plaintiff's conviction); *Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n. 2 (10th Cir. 2003) (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying *Heck* exist).

IT IS THEREFORE ORDERED that this matter is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 25th day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge